# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

In re: BARRY W. WOOD,          )         Case No. 10-61852-LYN

                      )

        Debtor,            )

                      )

_____   )

## MEMORANDUM

This matter comes before the Court on a motion by Barry W. Wood ("the Debtor") for contempt for violation of the discharge injunction. The motion is brought against Regency Catering, Inc., ("Regency Catering") Steve Letzkus, Debbie Letzkus, Cheri A. Lewis, Esq. ("Ms. Lewis"), and Lewis Law Offices, PLC ("the Lewis Law Firm") (collectively "the Defendants").

### *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

### *Facts*

Pre-petition, the Debtor leased retail space from Regency Catering. Steven and Debbie Letzkus are the sole shareholders of Regency Catering. The Debtor used the space to operate a restaurant through a limited liability corporation, The New Deli and Grill, LLC ("the New Deli and Grill"). At about the same time that the lease was executed, the Debtor and the New Deli and Grill also executed an unsecured note ("the Note") in favor of Regency Catering, as

1

consideration for the purchase of equipment to be used in the New Deli operations.   The Note was not secured.

New Deli fell behind on its rent obligations and its obligations under the Note.  On May 6, 2010, Regency Catering filed a complaint in state court and obtained a judgment based on the Note obligation ("the Note Judgment") in the approximate amount of $15,000.00.  Ms. Lewis and the Lewis Law Firm represented Regency Catering in the action. Regency Catering duly docketed the Note Judgment in the records for Albemarle County on June 8, 2010.  As of that date, neither the Debtor nor the New Deli and Grill  owned any real property in the county. Regency Catering did not file a writ of fieri facias.

On June 25, 2010, the Debtor filed a chapter 7 petition.  All of the Defendants received notice that the Debtor had filed the petition.  On September 22, 2010, the Debtor obtained a discharge.  All of the Defendants received notice of the order of discharge.  The case was closed in the normal course.

Post-petition, Regency Catering leased the New Deli and Grill premises to  Pigskinz BBQ, LLC ("Pigskinz"), a business founded by the Debtor and three other individuals.  Shortly thereafter Pigskinz fell behind on its rent obligations to Regency Catering.

On March 29, 2011, Ms. Lewis sent a letter to the Debtor in an effort to collect the debt arising from the Note Judgment.  The Debtor asserts that on April 4, 2011, a non-attorney in his counsel's office sent a letter to Ms. Lewis asking her to cease all efforts to collect the debt.  Ms. Lewis and the Lewis Law Firm assert that they never received that letter.

On or after June 24, 2011, Ms. Lewis and the Lewis Law Firm, on behalf of Regency Catering, served a Summons to Answer Interrogatories on the Debtor and New Deli and Grill,

2

setting the meeting on the matter for July 24, 2011.  The Debtor contacted his attorney who

advised him to decline to answer any questions other than his name and address if the questions

concerned matters other than those involving Pigskinz.

The parties disagree as to the content of the meeting concerning interrogatories.  The

Debtor asserts that the Ms. Lewis badgered him for forty-five minutes about his personal

financial condition when he declined to answer certain questions.  The Defendants assert that

during that time the parties discussed, and reached a settlement concerning, the Pigskinz dispute.

The parties appeared again before the Albemarle County Judge and the hearing on the

interrogatories was continued to August 10, 2011.  On August 10, 2011, the Albemarle County

Judge dismissed the hearing on interrogatories.  There is nothing in the record that indicates that

the Defendants, or any of them, continued collection efforts after August 10, 2011.

The Debtor filed the instant motion seeking compensatory and punitive damages for

violation of the discharge injunction.

### *Discussion.*

### I.

A discharge in a case under the Bankruptcy Code operates as an injunction against the

commencement or continuation of an action, the employment of process, or an act, to collect,

recover or offset any such debt as a personal liability of the debtor, whether or not discharge of

such debt is waived. 11 U.S.C. § 524(a)(2).

Although there is no statutory private right of action for a violation of the discharge

injunction, Section 105(a) of the Bankruptcy Code permits bankruptcy courts to "issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions" of the

3

Bankruptcy Code.  The Fourth Circuit Court of Appeals has held that Section 105 authorizes a

bankruptcy court to hold a party in civil contempt for failing to comply with a previous order.

*See Burd V. Walters (In re Walters)*, 868 F.2d 665 (4th Cir.  1989).  *Also see Knupfer v.*

*Lindblade (In Re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003).  (A bankruptcy court's inherent

power allows it to sanction bad faith or willful misconduct, even in the absence of express

statutory authority to do so.).  This authority includes the authority to hold a party in contempt

for violating the discharge order.  *See In re Barbour*, 77 B.R. 530, 531 -532 (Bankr. E.D. N.C.

1987) ("Notwithstanding the lack of specific statutory authority in § 524, the bankruptcy court

has the authority as a unit of the district court (28 U.S.C. § 151) to which all bankruptcy cases

have been referred [by] 28 U.S.C. § 157(a) [and the] General Order of Reference . . . to 'issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions' of

the Bankruptcy Code. 11 U.S.C. § 105(a).  This necessarily includes orders imposing sanctions

for violating the discharge injunction.").  *Also see In re Cherry*, 247 B.R. 176, 186-187 (Bankr.

E.D. Va. 2000) (Section 105(a) "authorizes a bankruptcy court to hold a party in civil contempt

for failing to comply with a previous order.")

There appears to be some disagreement among the courts regarding a plaintiff's burden

of proof in demonstrating a violation of the discharge injunction.

> The Eleventh Circuit Court of Appeals has held that the willfulness of the violation must
> be proved by clear and convincing evidence. *See In re Arnold*, [206 B.R. 560, 567
> (Bankr. N.D.Ala. 1997)], citing [*Jove Eng'g, Inc. v. I.R.S. (In re Jove Eng'g, Inc.),* 92
> F.3d 1539, 1545 (11th Cir.1996)]. There is no suggestion in the case law that the Fourth
> Circuit Court of Appeals would require such a measure of proof (as opposed to the usual
> measure of a preponderance of the evidence).

*In re Cherry*, 247 B.R. 176 (Bankr. E.D. Va. 2000).  *Also see In re Adams*, 2010 WL 2721205

(Bankr. E.D. N.C. 2010) (Applying the preponderance of the evidence standard.).  It is

4

concluded that the burden of proof is on the Plaintiff to demonstrate by a preponderance of the evidence that the Defendant willfully violated the discharge injunction.

It is not proper for a court to sanction a party under Section 105 unless that party's act is willful.  *See In re Hardy*, 97 F.3d 1385, 1390 (11th Cir. 1996).  In *Hardy*,  the Court wrote:

> This court has stated that "the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir.1990) (quoted in *Jove*, 92 F.3d at 1554). In *Jove*, this court adopted a two-pronged test to determine willfulness in violating the automatic stay provision of § 362. Under this test the court will find the defendant in contempt if it: "(1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay." *Jove*, 92 F.3d at 1555. This test is likewise applicable to determining willfulness for violations of the discharge injunction of § 524.

*Hardy* at 1390.  The test in Hardy has been adopted by at least two Virginia Bankruptcy Courts.  *See Cherry* and *In Re Rountree*, 448 B.R. 389, 418 (Bankr. E.D.Va. 2011) ("In a civil contempt proceeding, the state of mind with which the contemnor violated a court order is irrelevant and therefore good faith, or the absence of an intent to violate the order, is no defense.  As a result, it is consistent to apply the precedents of the Fourth Circuit Court of Appeals concerning the determination of willfulness of a creditor's conduct in an automatic stay violation to measure the culpability of [the defendant's] conduct in his violation of the discharge injunction in the instant case.")  The issue then is whether the defendants knew that the automatic stay was invoked and intended the actions that violated the discharge injunction.

## II.

The Defendants clearly intended the actions that violated the discharge injunction, either directly or through counsel.  The issue then is whether the defendants knew that the discharge injunction was invoked.

5

The Defendants knew that the Debtor had filed a Chapter 7 petition and had received a discharge.  Ms. Lewis argues that she believed that the discharge injunction did not apply to the debt arising under the Note Judgment because that debt was not scheduled and because, even if it were, the claim was secured by a lien that was not affected by the discharge order.  She testified that "it was my impression that because we had docketed the judgment and it was clearly a matter of record, that that constituted a lien against Mr. Wood;'s property.  And because it was a lien, it survived the bankruptcy.  And that was - - I did research on Fastcase on the legal website that's available through the State Bar and advised my clients that I thought we could pursue the note."[1]

Both beliefs were wrong.  A debt that is not scheduled by a debtor in a no-asset no-bar-date Chapter 7 case is, nevertheless, discharged by the discharge order.  *See* Judge O'Scannlain's concurring opinion in *In re Beezley*, 994 F.2d 1433 (9th Cir. 1993).  Nor did the Defendant have a lien that attached to property of the Debtor.  The Debtor owned no real property in Albemarle County and hence the Defendants could not have foreclosed on any assets of the Debtor through the lien.  Accordingly, the steps taken by the Defendants could have only succeeded if they collected money as a personal liability of the Debtor.

Under certain circumstances, the court might excuse the Defendants' actions based on their belief that they were permitted to collect the debt, the discharge injunction notwithstanding.  In this case, however, the defendants charged forward after a red flag was waved in front of them.  At the July 21, 20111,  meeting for interrogatories, the Debtor asserted that his bankruptcy counsel had advised him that he was no longer personally liable for the debt.

---

[1]        Transcript of Hrg. p. 52.

Case 10-61852   Doc 30   Filed 12/21/11   Entered 12/21/11 16:34:39   Desc Main
Document        Page 7 of 9

Further, the State Court Judge continued the matter for the parties to ascertain whether the interrogatories were enjoined by the discharge injunction.

At this point, Ms. Lewis either knew that she was in violation of the discharge injunction or should have know that she had insufficient reason to believe that she could proceed in spite of the discharge injunction.  Instead, she and the other defendants continued to contact the Debtor in attempt to collect the discharged debt after the State Court Judge continued the hearing to determine the applicability of discharge injunction.  This is evidenced by the fact that the Debtor called his attorney after the first meeting on interrogatories and before the second such meeting to report that he was still being pursued for the discharged debt.[2]  It is concluded that sanctions are appropriate.

### III.

The Debtor seeks $3,750.00 in sanctions based on services rendered by his attorney.   For a number of reasons, the Debtor will be awarded a lesser amount.

First, the purpose of this hearing was to determine whether the Defendants should be held liable for civil contempt.  The appropriate amount of sanction for civil contempt is the amount that will deter future violations.  *In re Braun*, 152 B.R. 466, 472-473 (N.D. Ohio 1993) ("The two goals of sanctions are deterrence and compensation, with the former being the principal goal. [Citation omitted]. Because deterrence is the main goal of sanctions, courts should impose the least severe sanction that is likely to deter. [Citation omitted]."  The Court believes that the Defendants, and each of them, now know to proceed slowly if a debtor has received a discharge in bankruptcy.  A lesser amount will accomplish this primary goal.

---

[2]        See Exhibit 4, Affidavit for Attorney's Fees and Costs and Detailed Time Sheet of Miller Law Group, PC.

Second, it is the opinion of this court that each of parties could have brought this dispute

to a conclusion long before bringing it before the court.  One consideration in a motion for civil

contempt is the level of sophistication of the defendant.  *See In re Myers*, 18 B.R. 362 (Bankr.

E.D. Va. 1982.  Ms. Lewis is a collections attorney.  She should be familiar with the intricacies

of bankruptcy law and should know to tread lightly when a debtor has received a discharge. Her

level of relevant sophistication could only be higher if she practiced in the bankruptcy court.

The Defendants, including Ms. Lewis, could have, and should have, responded to the red flags

and contacted a bankruptcy attorney to ensure that they had the legal right to proceed in their

collection efforts.

Nor does the court believe that Debtor's counsel made a sufficient effort to end this

dispute.  His time sheets, which appear to omit nothing concerning his services in this matter,

indicate that he made no telephone calls to Ms. Lewis.[3]  On April 4, 2011, when the Debtor first

informed his attorney that the Defendants had pursued collection efforts, a non-attorney in the

office of the Debtor's counsel ostensibly sent a letter to Ms. Lewis.  There are a number of

reasons to question the effort.   First, the Debtor's attorney did not sign the letter. Second, it does

not  appear that he drafted the letter.  It reads in part that "[t]he attorneys" in this office "would

like to advise you that the Debtor has filed a chapter 7 petition.  It would be strange for such a

letter to be written in the third person.  Third, these facts notwithstanding, counsel included the

drafting of the letter in his detailed time sheets at his full hourly rate of $250.00.  It is not

possible to ascertain how much time counsel spent on the letter because the entry bundles the

drafting of the letter with other task(s).  Finally, Ms. Lewis testified in court that she never

---

[3]        See Exhibit 4, Affidavit for Attorney's Fees and Costs and Detailed Time Sheet of Miller Law
Group, PC.

8

received the letter.  The Court finds this believable given the inconsistencies in the record concerning the April 4, 2011, letter.

In setting the amount of the sanction it is also appropriate to consider whether the defendant has appeared before the court before on a matter of contempt.  *See In re Myers*, 18 B.R. 362, 363  (Bankr. E.D. Va. 1982.  This is the first time that any of the defendants has appeared before this court.

Under the circumstances the court does not believe that Regency Catering, Inc., Steve Letzkus or Debbie Letzkus willfully violated the discharge injunction.   No judgment shall be entered against any of those three defendants.

The sanction shall be set at $800.00 jointly and severally against Cheri A. Lewis, Esq. and the Lewis Law Office, LLC.

An appropriate Judgment Order shall issue.

Upon entry of this memorandum, the Clerk shall forward copies to William E. Phillips, Esq., Douglas E. Little, Esq., Regency Catering, Inc., Steve and Debbie Letzkus, Cheri A. Lewis, Esq. and Larry L. Miller, Esq.

Entered on this 21st day of December, 2011.

William E. Anderson

United States Bankruptcy Judge